UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TIMOTHY E. KELLY, | ) | |
|---|---|---|
| | ) | Case No. 3:23-cv-24 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| JERRY SPANGLER and STACEY OATS, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner housed in the Morgan County Correctional Complex ("MCCX"), has filed a pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 1), that the United States District Court for the Middle District of Tennessee transferred to this Court (Doc. 3), as well as a motion for leave to proceed *in forma pauperis* (Doc. 8). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (*id.*) will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

I.     **FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* (*id.*) that he is unable to pay the filing fee, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but

only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570.

However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

Plaintiff has been incarcerated in MCCX for more than eight months, and he is currently housed in the mental-health-program unit. (Doc. 1, at 1.) Since "March/April of 2022," Plaintiff has warned that "[inmates] are at risk due to severe neglect by prison authorities, being held in solitary confinement with very little human contact or program interactions." (*Id.*) Also, according to Plaintiff, MCCX authorities have not addressed prisoner medical needs and allow mental-health-unit inmates "a couple phone calls to family per month." (*Id.* at 2.)

Plaintiff further states that MCCX prison officials have placed him in solitary confinement for unspecified periods of time as punishment. (*Id.*) In solitary confinement, Plaintiff is "held inside [a] cell 23 hours a day sometimes even 24 hours" without human connection or contact, which he calls "very destabilizing." (*Id.*) Plaintiff claims that these solitary confinement placements create a "vicious cycle" in which he needs to "be psychologically healthy" to get out of solitary confinement, but the conditions of MCCX cause him "psychological damage" from which he cannot sufficiently recover "d[ue] to the lack of psychological treatment." (*Id.*) Plaintiff also states that "[i]t is well established that even short periods of solitary confinement are detrimental to a person's mental health." (*Id.*) During his incarceration in MCCX, Plaintiff has mutilated himself several times, smeared feces on the wall, and slit one of his wrists. (*Id.*)

Plaintiff additionally alleges that, during his eight months to one year of incarceration in MCCX, mental health authorities "haven't provided any mental health programming, no groups, forced . . . to speak through a cell door out loud, little to no privacy, every two weeks therapy through a cell door . . . ."[1] (*Id.*)

Plaintiff has sued both Jerry Spangler, whom he states is an MCCX "mental health official," and Stacey Oats, whom Plaintiff states is the "Warden of Treatment," in their official and individual capacities. (*Id.* at 1, 3.) Plaintiff's complaint contains no demand for relief. (*See generally id.*)

### C. Analysis

For the following reasons, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983.

#### i. *Demand for Relief*

First, Plaintiff's complaint contains no demand for relief. As such, it does not comply with Rule 8(a)(3) of the Federal Rules of Civil Procedure, which requires a complaint to contain a demand for the relief sought.

#### ii. *Telephone*

Next, as to Plaintiff's allegation that he and other mental-health-unit inmates are only able to speak to their families a couple of times per month, prisoners have "no right to unlimited telephone use." *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994). Rather, "a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security

---

[1] In reviewing Plaintiff's complaint, the Court noticed that Plaintiff numbered his complaint pages, and that his numbers go from "Page # (2 of 5)" to "Page # (5 of 5)." (Doc. 1, at 2–3.) However, it is unclear if Plaintiff's apparent omission of two pages of his complaint was inadvertent or intentional. As such, the Court will dismiss the complaint because it fails to state a claim upon which relief may be granted under § 1983, as filed.

4

interests of the penal institution. The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Id.* Moreover, the Sixth Circuit has cautioned that district courts should not interfere with administration of jails except in the most compelling situations. *Glover v. Johnson*, 855 F.2d 277 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration).

Plaintiff has not set forth any facts to support the Court finding that his inability to use a telephone to call his family more than two times per month is a compelling situation requiring the Court to interfere in TDOC's administration of MCCX. As such, this allegation fails to state a claim upon which relief may be granted under § 1983.

### iii. *Deliberate Indifference to Serious Medical Needs*

As set forth above, Plaintiff also asserts that his occasional placements in solitary confinement for unspecified periods of time violate his constitutional rights. (*Id.* at 2.) Plaintiff additionally claims that, during his MCCX incarceration, the prison has not offered him mental-health programming or groups, and that he has to speak out loud through the door "with little to no privacy" for therapy every two weeks. (*Id.* at 2.)

A prison authority's deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Id.* at 104– 05. Establishing a deprivation of a federal right in the Eighth Amendment medical context requires evidence that that acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Deliberate indifference is equivalent to "subjective recklessness as used in

5

the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Under this standard, a state actor may not be liable under § 1983 unless he (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 847.

Allegations that a prisoner did not receive the medical treatment he wanted or received a misdiagnosis do not state a claim for violation of the Eighth Amendment. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (holding that "[a] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "misdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). Thus, where a prisoner received medical care, his disagreement with the adequacy of that care generally does not rise to the level of a constitutional violation. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1996) (noting that "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"). But medical care that is "so woefully inadequate as to amount to no treatment at all" violates the Eighth Amendment. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001).

    a.    <u>Solitary Confinement</u>

While Plaintiff's allegations regarding his mental-health issues are sufficient to demonstrate that he had a serious medical need, Plaintiff does not set forth any facts from which the Court can plausibly infer that any Defendant played a role in placing Plaintiff in solitary confinement or was even aware of those placements, much less any facts from which the Court can plausibly infer that either Defendant was aware of and disregarded any risks of substantial harm to Plaintiff from his solitary-confinement placements. *Finley v. Huss*, 723 F. App'x 294,

298 (6th Cir. 2018) (providing that a plaintiff asserting an Eighth Amendment claim must plead that a defendant "was subjectively aware of facts 'from which the inference could be drawn that a substantial risk of harm exist[ed]'" and "drew that inference, but disregarded the risk anyway") (citing *Bays v. Montmorency Cnty.*, 874 F.3d 264, 268 (6th Cir. 2017)).

Accordingly, Plaintiff's solitary confinement allegations fail to state a claim upon which relief may be granted under § 1983 as to any Defendant.

      b.      <u>Other Mental Health Claims</u>

As the Court noted above, Plaintiff also complains that MCCX has not offered him mental-health programs or groups and that he has therapy every two weeks through the door of his cell "with little to no privacy." But while it is apparent that Plaintiff has significant mental-health issues and believes that MCCX should provide him with more and/or different mental-health care, this only establishes Plaintiff's disagreement with his course of treatment, which does not rise to the level of a constitutional violation. Moreover, Plaintiff's complaint does not include facts from which the Court can plausibly infer that his mental-health care is so inadequate that it amounts to no care at all. Additionally, Plaintiff again sets forth no facts from which the Court could find that any named Defendant is aware of but has disregarded a substantial risk of harm to Plaintiff based on these allegations.

### III.    CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 8) will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**